CASE 50—INDICTMENT—SEPTEMBER 22, 1883.

# Marion Johnson v. The Commonwealth.

APPEAL FROM EDMONSON CIRCUIT COURT.

1. Circumstantial evidence is competent to establish the fact that the person charged to have been murdered is dead. The production of the body is certainly the best evidence of that fact; but this is not always possible.

2. The conclusiveness of circumstantial evidence to establish the fact of death is for the jury, and not the court, to determine. The court is only concerned in seeing that improper evidence does not go to the jury, and that they are properly instructed in such cases.

EDWARDS & HAZELIP for appellant.

The *corpus delicti* cannot be proved by circumstantial evidence, and the court should have peremptorily instructed the jury to find for the appellant. (Starkie on Ev., vol. 1, 511; Wharton's Am. Criminal Law, 347-'8.)

P. W. HARDIN, Attorney General, for appellee.

1. The death of the child is demonstrated beyond doubt.

2. The reason of the rule that the *corpus delicti* must be established fails in a case such as this. (Whart. Crim. Law, vol. 1, 476.)

JUDGE HINES delivered the opinion of the court:

Appellant was convicted and sentenced to the penitentiary for life on the charge of murdering his child. The evidence is entirely circumstantial. Appellant left his father's house, having in his arms his two children, aged respectively three years and one year, with the avowed intention of going to Shakertown. He did not go in the direction of Shakertown, nor is there any evidence that he went there; but, on his return to his father's some three or four days after he had left, having with him only the elder of the two children, and being asked about the younger, replied that he left it with a certain widow woman near Shakertown. A brother of appellant then went to the house of the woman with whom appellant stated he had left the child, and ascertained that the child had not been left there. After these inquiries had been made, and the suspicion becoming general that the child had been murdered, appellant stated to a member of his father's family that he was going to Shakertown and get the child; but instead of doing so, he went in another direction under an assumed name, and, when arrested, denied his identity, and

Marion Johnson v. The Commonwealth.

when told that he was charged with murdering his child, said : "They may try me and send me to the penitentiary, but they cant't hang me unless they prove the child is dead."

The only question presented is, whether the *corpus delicti*, the fact that the crime of murder has been perpetrated, must be established by direct proof of the killing, or by an inspection of the body, or whether the death may not be established by circumstantial evidence as any other fact in the case is established.    We think there can be no doubt that circumstantial evidence is competent to establish the fact that the person charged to have been murdered is dead. The production of the body is certainly the most conclusive, if not the best, evidence of that fact; but, in the very nature of crimes, this is not always possible.    He who meditates and perpetrates crime courts secresy that punishment may not follow, hence the necessity that circumstantial evidence should be admitted to establish the fact of death as of any other fact necessary to the development of truth.    It is true that experience illustrates the danger of convictions for murder when the body of the person charged to have been murdered is not produced or accounted for; but a like danger arises when circumstantial evidence is admitted to establish the identity of the person who did the killing.    It may be that the danger of an erroneous conviction would be greater in the first instance than in the last, but that cannot affect the question of the competency of such evidence in such cases.    Under our system, where the jury are the tryers of the facts, the weight to be given to testimony is for the jury alone, the court being concerned only in seeing that improper testimony does not go to the jury, and that they are properly instructed in the

law.   Where there is evidence, competent in its nature, tending to justify the conclusion at which the jury arrives, this court cannot disturb the verdict, unless the jury have not been properly instructed as to the law of the case.

The competency of circumstantial evidence to establish the fact of death is acknowledged universally, and, under our Code, its conclusiveness is for the jury and not for the determination of the court.   (Bishop on Criminal Procedure, vol. I, sec. 1057; 5 Cushing, 310, Commonwealth v. Webster; 7 Indiana, 330, Stacking v. State; 28 Iowa, 513, State v. Keeler; Wills on Circumstantial Evidence, sec. 3, page 162.)

Judgment affirmed.